Civil Action No. 07-cv-01563-WDM-KLM

TWILA WOOD,

            Plaintiff(s),

v.

CHARLES W. BURD,
PATRICIA M. BURD,
FAY A. BURD,
FAY A. MCBRIDE, f/k/a FAY A. BURD,
C. DON BURD,
CLARENCE DON BURD, deceased,
DENNIS R. MOTT, a/k/a DENNIS MOTT,
MARY LOU MOTT,
RIMROCK RANCH, INC.,
RIMROCK RANCH PROPERTY OWNERS ASSOCIATION,
RIMROCK OWNERS ASSOCIATION,
RIMROCK RANCH PHASE II PROPERTY OWNERS ASSOCIATION, INC.,
CHARLES W. MCCLURE,
ANDREW J. MCCLURE,
JRF INVESTMENTS, LTD.,
JRF INVESTMENTS IV, LTD.,
JRF INVESTMENTS V, LTD.,
JRF INVESTMENTS VI, LTD.,
WAYNE A. EVANS,
NANCY E. EVANS,
FRANK STENGER,
MAX MAESTAS,
VICKI MAESTAS,
WASHINGTON MUTUAL BANK, F.A.,
DAVID MICHAEL PEPPER,
MARYAM ECHEVERRIA PEPPER,
LUIS RAMON E. PICORNELL,
THOMAS S. CHACON,
JOYCE L. CHACON,
THE JOHN A. SCHOFIELD LIVING TRUST,
GAYLE FROEHLICH,
MARK WILLIAMS,
DALE E. BROADWATER,
M&T MORTGAGE CORPORATION,
M&T BANK,
GEORGE CARTER,
JARUNEE CARTER,
BUREAU OF LAND MANAGEMENT;
UNITED STATES OF AMERICA,

STATE OF COLORADO,
STATE OF COLORADO, acting by and through the STATE BOARD OF LAND
     COMMISSIONERS,
LARIAT FARMS, INC.,
DAVID L. BINNEY,
DRUCILLA M. BINNEY,
VERN BRAUN,
ALEXANDER W. SCHERMER,
PEGGY NANCY SCHERMER,
NATIONAL BANK OF KANSAS CITY,
AMAREX, INC.,
THEODORE MCBRIDE,
MERIDIAN OIL, INC.,
PUBLIC TRUSTEE OF RIO GRANDE COUNTY, and
All Unknown Persons Who May Claim Any Interest in the Subject Matter of this Action,

     Defendant(s).

---

## MINUTE ORDER

---

## ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on the Unopposed Motion by Defendant United States of America to Confirm Disclaimer of Defendant United States of America and Defendant Bureau of Land Management [Docket No. 111; Filed January 17, 2008] (the "Motion"). Defendants United States of America ("USA") and Bureau of Land Management ("BLM") have informed the Court that Plaintiff does not oppose the confirmation and that no other party contacted by Defendants opposes the Motion.

By way of background, Plaintiff initially filed a Complaint in state court to obtain access to Plaintiff's land via a certain road. This road crosses parcels of land owned by Defendant USA and maintained, in part, by Defendant BLM, and they were made parties to this action. Defendant USA removed the action to federal court. Subsequent to the removal, Defendants USA and BLM determined that they had no "interest in the Road in its current location as said Road crosses and/or traverses" land owned by Defendant USA. Disclaimer of Defendant USA and Defendant BLM at 3-4 [Docket No. 108; Filed January 9, 2008]. Pursuant to 28 U.S.C. § 2409a, at any time before trial, the United States may disclaim an interest in the property that is involved in the legal dispute. However, that disclaimer must be "confirmed by order of the court." 28 U.S.C. § 2409a(e). Confirmation of Defendants' disclaimer deprives the federal court of jurisdiction over the matter unless there is an independent source of jurisdiction. *Id.*; *see also Lee v. United States*, 629 F. Supp. 721, 726 (D. Ala. 1985) (noting that where the disclaimer is valid, the "court's jurisdiction must cease").

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The disclaimer appears to be made in good faith. *Compare Lee*, 629 F. Supp. at 726 (confirming disclaimer made in good faith), *with LaFargue v. United States*, 4 F. Supp. 2d 580, 590 (E.D. La. 1998)

(refusing to confirm disclaimer because it was not made in good faith); *see also W.H. Pugh Coal Co. v. United States*, 418 F. Supp. 538, 539 (E.D. Wis. 1976) (noting that in some circumstances, "the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny"). In addition, the disclaimer is not opposed by any party. *See generally Bily v. Ill. Cent. Gulf R.R.*, 637 F. Supp. 127, 129 & 131 (N.D. Ill. 1986) (noting that no party objected to the disclaimer before it was confirmed). As such, the disclaimer made by Defendants USA and BLM is **confirmed**. *See Alaska v. United States*, 546 U.S. 413, 415 (2006) (mem.) (confirming disclaimer made as to certain land within the exterior boundaries of land owned by the United States).

IT IS FURTHER **ORDERED** that Plaintiff shall file a Motion to Remand this case to state court or shall show cause why the case should not be remanded to state court on or before **February 15, 2008**.


DATED: January 23, 2008 at Denver, Colorado.